******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

ANDREA ROBLES ET AL. *v.* WEST AVENUE
DENTAL, P.C., ET AL.
(AC 39747)

Sheldon, Prescott and Bear, Js.

*Syllabus*

The plaintiff, a former employee of the defendants, sought to recover damages from the defendants for, inter alia, injuries she suffered as a result of the defendants' negligent supervision of one of the plaintiff's coworkers, who sexually harassed her at work over an extended period of time. Following a trial, a jury returned a verdict for the plaintiff on her claim of negligent supervision. Before accepting the verdict, the court announced to counsel, without objection, that it would review the jury's interrogatories, worksheet and verdict forms to ensure that the documents were in order. After conducting its review, the court reported that it had found inconsistencies in the verdict form and interrogatories. Specifically, the jury had indicated that it found liability on the count alleging negligent supervision but had awarded zero damages to the plaintiff. The court reviewed for the jury the rule in Connecticut that, for a negligence claim, there needed to be an actual injury, and, if the jury found that there were no damages, then the verdict should be for the defendants. The court further stated that the jury could reconsider its award of damages. The parties did not object to the court's finding that the verdict was inconsistent or except to its clarifying instructions to the jury. Prior to excusing the jury, the court granted a request from the defendants' counsel for a sidebar discussion, and, immediately following, it gave further instructions to the jury, to which there was no exception from either party. After the jury had been excused to resume deliberations, the defendants' counsel explained for the record that the concern she had expressed at the sidebar conference was that the jury should be reminded that the plaintiff was required to prove that she had suffered actual harm in order to establish a claim of negligent supervision. Thereafter, the jury returned a verdict for the plaintiff on the count of negligent supervision and awarded her damages, and the court accepted that verdict without objection from counsel. Thereafter, the trial court rendered judgment for the plaintiff, from which the defendants appealed to this court. The only claim of error that the defendants did not abandon for failure to brief it adequately was their claim that the court misconstrued the jury's original verdict as ambiguous and erred in returning the jury for further deliberations with instructions that it could not return a plaintiff's verdict without awarding the plaintiff damages, instead of accepting and rendering judgment for the plaintiff on the original verdict. *Held* that the defendants having failed to preserve that claim at trial, they could not seek review of it on appeal; the defendants did not object to the jury instructions given by the court, to the court's determination that the jury's initial verdict was inconsistent or to its resulting decision to return the jury for further deliberations to clarify its verdict instead of accepting that verdict as it was returned, and, therefore, they had no right to seek appellate review of the alleged errors in the court's rulings.

Argued May 30—officially released October 9, 2018

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged negligent supervision, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the jury before *Povodator, J.*; verdict and judgment for the plaintiffs, from which the named defendant et al. appealed to this court. *Affirmed.*

*Kristan Peters-Hamlin*, for the appellants (named

defendant et al.).

*Daniel D. Dauplaise*, with whom, on the brief, was *Victoria deToledo*, for the appellee (named plaintiff).

*Opinion*

PER CURIAM. The defendants West Avenue Dental, P.C., and Hrishikesh Gogate[1] appeal from the judgment of the trial court, rendered after a jury trial, awarding damages to the plaintiff Andrea Robles,[2] their former employee, for injuries she suffered due to the defendants' negligent supervision of one of her male coworkers, who sexually harassed her at work over an extended period of time. The defendants challenge the judgment on the ground that the verdict on which it was rendered was returned after the court erroneously determined that it could not accept the jury's original plaintiff's verdict awarding Robles $0 in damages because that verdict was inherently inconsistent, and, thus, improperly required the jury to conduct further deliberations to resolve the alleged inconsistency instead of accepting the original verdict and rendering judgment on it. The defendants claim on appeal that the court erred in concluding that the jury's original verdict was inherently inconsistent, and, thus, in refusing to accept and render judgment on that verdict. They argue that an award of $0 in damages was reasonable in this case because the damages claimed by Robles were largely speculative and unproved, and any damages she did prove could have been reduced by the jury under the court's instructions on their special defense of failure to mitigate damages. Finally, the defendants, claiming that the court erred in instructing the jury that it must award Robles at least some damages if it found the defendants liable for negligent supervision, ask this court to restore the original plaintiff's verdict awarding Robles $0 in damages. Robles, in opposition to the defendants' claim, argues principally that the defendants are not entitled to prevail on that claim because they failed to assert it at trial, and, thus, they failed to preserve it for appellate review. In light of the following facts and procedural history, we agree with Robles that the defendants' present claim was not preserved at trial and, thus, that it cannot be reviewed on appeal.

Robles and one of her former female coworkers filed a twenty-two count complaint against the defendants arising, inter alia, from the defendants' alleged failure to supervise one of their male coworkers who repeatedly sexually harassed them while they were in the defendants' employ. Eleven counts of the complaint were brought on behalf of Robles.

After a lengthy trial, the jury found in favor of the defendants on ten of Robles' eleven counts against them. This appeal concerns only her seventh count, in which she pleaded the claim of negligent supervision on which she prevailed at trial. In that count, Robles alleged, inter alia, that the defendants failed to properly supervise one of her male coworkers whom they had a duty to supervise, and thereby allowed him to engage in sexually inappropriate conduct toward her, that the

defendants were aware or should have been aware of her coworker's sexually inappropriate conduct toward her but failed take action to stop it, and, that as a result of the defendants' failure to take action to stop her coworker's sexually harassing conduct toward her, she suffered financial losses and emotional distress. The jury was instructed on that count, in relevant part, as follows: "A claim for negligent supervision . . . establishes direct liability for an employer who fails to exercise reasonable care in supervising . . . an employee. In order to prevail on a negligent supervision claim, [the] [plaintiff] must . . . prove that [she] suffered an injury due to the defendant[s'] failure to supervise an employee whom the defendant[s] had [a] duty to supervise. . . .

"[W]ith respect to the [claim] of negligent supervision . . . proof of an actual injury is a necessary part of the claim. The [plaintiff] [is] not entitled to recover under negligence-based claims if [she does] not also prove an actual injury—something more than a technical or nominal injury. . . ." (Internal quotation marks omitted.) The jury was provided a copy of the jury charge and a set of interrogatories, a worksheet and verdict forms to complete during its deliberations.

The jury initially filled out the interrogatories regarding Robles' negligent supervision claim as follows: "Did [Robles] prove, by a preponderance of the evidence that the defendants were negligent in their supervision of [her male coworker]? Yes. . . .

"Did the defendants prove that [Robles] . . . was negligent, as alleged by the defendants? Yes. . . .

"The parties proved that the respective negligence of the parties is as follows (must add up to 100 [percent]): Negligence of defendants: 50 [percent]; negligence of [Robles]: 50 [percent]. . . .

"Did [Robles] . . . prove that she was injured or damaged as a result of such negligent supervision? No."

When the jury returned to the courtroom after sending out a note informing the court that it had reached a verdict, the court announced that it would first review the verdict form and interrogatories by itself "to make sure there are no problems," and then, if it found that those documents were in order, it would begin the formal procedure of taking the verdict. Neither Robles nor the defendants objected to the court's announced decision to review the verdict form and interrogatories by itself to determine if they were in order before taking the verdict, or asked the court if they could view the verdict form and interrogatories before the court made its determination and took whatever action it deemed necessary before taking the verdict.

After completing its review, the court announced that it had found certain inconsistencies in the verdict form and interrogatories that it would require the jury to

resolve before a verdict could be taken. To that end, without hearing from the parties, it instructed the jury as follows: "On interrogatory number seven, you indicate that you found there to be certain percentages of liability, but then you indicate that there was—you answered no to the issue of damages, but then you put on a plaintiff's verdict form zero.

"The rule in Connecticut is for a negligence claim, there needs to be an actual injury in order to find for the plaintiff.

"So if you are not finding any damages sustained by the plaintiff, then I think [the verdict] should be for the defendant[s] on that claim.

"If you are feeling that there should be some kind of damages award[ed], that's something you can obviously reconsider, but the point is there is an inconsistency between saying you are finding for the plaintiff on a negligence claim, but finding zero damages.

"It either needs to be some damages or a determination for the defendant[s] on that claim, which in turn would implicate potentially the verdict form that you used." The court also noted an inconsistency in the jury's worksheet answers, and instructed the jury to review the worksheet as well. Neither Robles nor the defendants objected to the court's finding of inconsistencies in the original verdict or excepted to its instructions as to how the jury should resolve those inconsistencies and clarify its verdict.

Before the court excused the jury to return to the jury room, counsel for the defendants asked to address the court concerning the instruction it had just given, suggesting that she could do so at the bench. The court granted her request without objection by Robles' counsel, then held a sidebar discussion with counsel. Immediately after the sidebar, the court turned to the jury and further instructed it that, "the issue [on the interrogatory addressing the claim of negligent supervision was] . . . unless [the jury found] damages as part of the package, [it could not] find for the plaintiff. It's either [the] plaintiff has proven damages as part of the claim in which case it's [the] plaintiff's award on that count, or if the plaintiff hasn't proven damages [the verdict is] required to be for the defendant[s]." Neither party excepted to the court's post-sidebar instruction or sought further relief from the court after that instruction was given.

After the court excused the jury to resume its deliberations, counsel for the defendants explained for the record the substance of the concern that she had expressed to the court at sidebar, which was that the jury should be reminded that Robles was required to prove that she had suffered actual harm in order to establish her claim of negligent supervision. Counsel did not state that she had objected to the court's deter-

mination that there were inherent inconsistencies in the jury's original verdict, or its decision to require the jury to deliberate further to resolve those inconsistencies instead of accepting that verdict and rendering judgment on it.

In the jury's final verdict, which the court accepted and recorded without objection by either party, it found that Robles had proved that she was actually injured or damaged as a result of the defendants' negligent supervision of her sexually abusive male coworker. Accordingly, on the basis of its further finding that she had suffered total damages of $11,900 as a result of such negligent supervision,[3] it awarded her damages of $5950 after reducing her total damages by 50 percent on the basis of comparative negligence.

In this appeal, the defendants initially set forth three claims of error in their preliminary statement of issues: (1) that the court erred in instructing the jury that it must correct its original verdict of zero damages because it had found liability for negligent supervision and must instead award damages to Robles, despite the highly speculative nature of her claim, based on the court's misunderstanding of the law of inconsistent verdicts; (2) that the court erred by so instructing the jury without first consulting with counsel and then by refusing to allow the defendants to make a record of their objection to the instruction before dismissing the jury; and (3) the court erred by telling the jury that it must award damages if it found liability by failing to instruct the jury that it was permitted to award nominal damages. In their brief, however, the defendants presented argument and analysis as to only the first of those claims, which they rearticulated as follows: "Robles' claim of injury was entirely speculative, and unsupported by expert testimony; therefore, the jury's award of zero damages was not ambiguous, and the court erred in requiring the jury to find some damages in order to support its finding of liability." As relief for the court's alleged error, the defendants ask this court to "restore the jury's original verdict of $0 damages to Robles, and hold that Robles should be awarded nothing." So presented, the only claim of error that the defendants have not abandoned by failing to brief it[4] is that the court misconstrued the jury's original verdict as ambiguous and, thus, erred in returning the jury for further deliberations with instructions that it could not return a plaintiff's verdict without awarding Robles damages instead of accepting and rendering judgment for Robles on that original verdict. Robles responds to the foregoing claim by arguing principally that the defendants have no right to seek appellate review of that claim because they failed to make that claim at trial. We agree with Robles that the defendants failed to preserve the only claim they have briefed on appeal and, thus, that they have no right to seek appellate review of that claim.

Appellate review of claims of error regarding jury instructions and inconsistent verdicts is limited in scope to objections raised by counsel at trial. See C. Tait & E. Prescott, Tait's Handbook of Connecticut Evidence (5th Ed. 2014) § 1.30.1, pp. 95–96. In order to preserve their claims of error, the defendants must have objected when the jury instruction was given; see, e.g., *State* v. *Gebhardt*, 83 Conn. App. 772, 780, 851 A.2d 391 (2004) (appellate review of evidentiary rulings is limited to specific legal issue raised by objection of trial counsel); or filed a suitable request to charge. See *Ulbrich* v. *Groth*, 310 Conn. 375, 424, 78 A.3d 76 (2013) ("[i]t is well settled . . . that a party may preserve for appeal a claim that an instruction . . . was . . . defective either by: (1) submitting a written request to charge covering the matter; or (2) taking exception to the charge as given" [internal quotation marks omitted]). In light of the defendants' complete failure to object to the court's determination that the jury's initial verdict was inconsistent or to its resulting decision to return the jury for further deliberations to clarify its verdict instead of accepting that verdict as it was returned, the defendants have no right to seek appellate review of alleged errors in such judicial rulings and actions at this time.

The judgment is affirmed.

[1] Tunxis Hill Dental, P.C., was also named as a defendant but is not a party to this appeal. In this opinion we refer to West Avenue Dental, P.C., and Gogate as the defendants.

[2] The complaint was initially filed by two plaintiffs, Robles and a former female coworker. After the trial, the female coworker settled with the defendants, and this appeal pertains only to Robles.

[3] The jury found that Robles had suffered $0 in economic damages and $11,900 in noneconomic damages as a result of the defendants' negligent supervision.

[4] See, e.g., *Harris* v. *Bradley Memorial Hospital & Health Center, Inc.*, 306 Conn. 304, 319, 50 A.3d 841 (2012) ("[a]n appellant who fails to brief a claim abandons it" [emphasis omitted; internal quotation marks omitted]), cert. denied, 569 U.S. 918, 133 S. Ct. 1809, 185 L. Ed. 2d 812 (2013).